IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

CALLIDUS CAPITAL
CORPORATION

    Plaintiff,

v.                                           Civil Action No. 1:14-cv-00270

ESCO MARINE, INC., ESCO
METALS, LLC, ESCO SHREDDING,
LLC, TEXAS BEST RECYCLING,
LLC, TEXAS BEST EQUIPMENT,
LLC, RICHARD JAROSS, EMJ
HOLDINGS, LLC, ELKA JAROSS,
ANDREW LEVY, REDSTONE
CAPITAL CORP., ALBERTO
GARCIA, and JOHN KRISTOPHER
WOOD,

    Defendants.

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Callidus Capital Corporation ("Plaintiff"), by its undersigned attorneys, for its Complaint states as follows:

### THE PARTIES

1. Plaintiff is organized under the laws of the Province of Ontario, Canada with its principal place of business located in Toronto, Ontario.

2. Defendant Esco Marine, Inc. is a Delaware corporation with its principal place of business in Texas. It may be served with process through its registered agent, Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

3. Defendant Esco Metals, LLC is a Delaware limited liability company with its principal place of business in Texas. It may be served with process through its registered agent, Richard Jaross, 16200 Joe Garza, Sr. Road, Brownsville, Texas 78520.

4. Defendant Esco Shredding, LLC, is a Texas limited liability company with its principal place of business located in Texas. It may be served with process through its registered agent, Andy Jaross, 16200 Joe Garza, Sr. Road, Brownsville, Texas 78521.

5. Defendant Texas Best Recycling, LLC is a Delaware limited liability company with its principal place of business located in Texas. It may be served with process through its registered agent, Richard Jaross, 16200 Joe Garza, Sr. Road, Brownsville, Texas 78521.

6. Defendant Texas Best Equipment, LLC is a Delaware limited liability company with its principal place of business in Texas. It may be served with process through its authorized representatives, including Richard Jaross, 16200 Joe Garza Sr. Road, Brownsville, Texas 78521, who signed the loan documents at issue on its behalf.

7. The Defendants identified in paragraphs 2 through 6 collectively are referred to herein as the "Borrower Defendants."

8. Defendant Richard Jaross is Esco Marine's president and is a Texas citizen residing in or near Brownsville, Texas. He may be served with process at 16200 Joe Garza Sr. Road, Brownsville, Texas 78521 or wherever else he may be found.

9. Defendant Elka Jaross is a Texas citizen who may be served with process at 415 Palo Verde Dr., Brownsville, Texas 78521 or wherever else she may be found.

10. Defendant EMJ Holdings is a Delaware limited liability company with its principal place of business in Texas. It may be served with process through its registered agent, Elka Jaross, 415 Palo Verde Dr., Brownsville, Texas 78521.

11. Defendant Redstone Capital Corporation is a Nevada corporation with its principal place of business in New York, New York. Redstone Capital Corporation does business in

Texas, and this case arises from Redstone Capital Corporation's contacts in Texas. It may be served with process through the Texas Secretary of State.

12. Defendant Andrew Levy is the president of Redstone Capital Corporation and is described on Esco Marine's website as its Chief Executive Officer. Levy is a Connecticut citizen and may be served with process at 46 Baldwin Farms N., Greenwich, Connecticut 06831 or wherever else he may be found.

13. The Defendants identified in paragraphs 8 through 10 are collectively referred to as the "Jaross Guarantor Defendants." The Defendants identified in paragraphs 11 through 12 are collectively referred to as the "Levy Guarantor Defendants," and together with the Jaross Guarantor Defendants are referred to herein as the "Guarantor Defendants."

14. Collectively, all Borrower Defendants and Guarantor Defendants are referenced herein as the "Obligor Defendants."

15. Defendant Alberto Garcia is Esco Marine's chief financial officer/controller and is a Texas citizen. He may be served with process at 29042 Bixby Road, La Feria, Texas 78559 or wherever else he may be found.

16. Defendant John Kristopher (Kris) Wood is Esco Marine's chief operating officer and is also described on Esco Marine's website as its Vice President of Administration. He is a Texas citizen and may be served with process at 134 Candlewick Ct., Brownsville, Texas 78521 or wherever else he may be found.

## JURISDICTION AND VENUE

17. This Court has jurisdiction over this matter and venue is proper. Jurisdiction is founded upon 28 U.S.C. § 1332(a)(2). Plaintiff is a citizen of a foreign State. Defendants are citizens of States within the United States of America. Plaintiff is not admitted for permanent residence in the United States and is not domiciled in any State of the United States and thus is

3

not domiciled in the same State as any of the Defendants. The amount in controversy exceeds $75,000.00 exclusive of interests and costs.

18. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because it is the district in which a substantial part of the events or omissions giving rise to the claims alleged herein occurred and a substantial part of the property that is the subject of this action (the collateral for the loan upon which this action is predicated) is situated in this district. Further, if for any reason it is determined that there is no district in which this action may otherwise be brought as provided in 28 U.S.C. § 1391, then under subsection (b)(3), venue is proper in this district because each and every Defendant is subject to the Court's personal jurisdiction with respect to this action, under both Constitutional due process analysis and, as further alleged below, because in the loan and security documents which give rise to this action, each Defendant stipulated to venue in this district.

## FACTUAL BACKGROUND

### A. The Loan Agreement

19. The Borrower Defendants operate a marine yard and recycling business located in Brownsville, Texas. The Borrower Defendants recycle metals and dispose of obsolete maritime vessels.

20. Effective June 30, 2014, Plaintiff agreed to loan to the Borrower Defendants a maximum of $33,990,000 under a series of loan documents, including: (1) Loan Agreement (as amended effective October 16, 2014); (2) Guaranty of Richard Jaross, Elka Jaross and EMJ Holdings, LLC, jointly and severally (the "Jaross Guaranty"); (3) Guaranty of Andrew Levy and Redstone Capital Corp., jointly and severally (the "Levy Guaranty"); (4) Security Agreement; (5) Deed of Trust; (6) Leasehold Deeds of Trust; and (7) Demand Facility Notes (collectively, the "Loan and Security Documents"). Defendants have possession of originals or copies of the Loan

and Security Documents (which are voluminous) and, therefore, copies are not made exhibits hereto.

21. In the Loan and Security Documents, the parties stipulated and agreed that Texas law governs with respect to those contracts and the construction and enforcement thereof. *See*, *e.g.*, Loan Agreement § 30, Jaross Guaranty and Levy Guaranty § 11, Security Agreement § 7.13.

22. In the Loan and Security Documents, the Obligor Defendants waived trial by jury. *See*, *e.g.*, Loan Agreement § 35, Jaross Guaranty and Levy Guaranty § 12, Security Agreement § 7.12.

23. In the Loan and Security Documents, the Obligor Defendants consented to venue in this Court. *See*, *e.g.*, Loan Agreement § 29, Jaross Guaranty and Levy Guaranty § 13, Security Agreement §§ 7.14 and 7.15.

24. In the Loan and Security Documents, the Obligor Defendants agreed to reimburse and pay Plaintiffs the costs of collection, including the attorneys' fees, costs and expenses incurred in an enforcement action, such as this. *See*, *e.g.*, Loan Agreement § 22(a), Jaross Guaranty and Levy Guaranty §§ 4 and 10, Security Agreement § 6.3.

25. Under Section 2 of the Loan Agreement, and subject to the terms and conditions of the Loan and Security Documents, Plaintiff funded loans under Facility Loans A through F.

26. Each Facility Loan, A through F, is supported by a Demand Facility Note dated June 30, 2014 (the "Notes").

### B. The Guarantees

27. Under the terms of the Jaross Guaranty, and pursuant to its terms and conditions, the Jaross Guarantor Defendants unconditionally, absolutely and irrevocably guaranteed payment of the Borrower Defendants' indebtedness under the Loan Agreement and Notes, collectively, up to

5

an aggregate of $2 million, plus all fees, charges and costs incurred by Plaintiff in collecting such guaranteed amount. *See*, *e.g.*, Jaross Guaranty, §§ 1-4, 7.

28. Under the terms of the Levy Guaranty, and pursuant to its terms and conditions, the Levy Guarantor Defendants unconditionally, absolutely and irrevocably guaranteed payment of the Borrower Defendants' indebtedness under the Loan Agreement and Notes, collectively, up to an aggregate of $600,000, plus all fees, charges and costs incurred by Plaintiff in collecting such guaranteed amount. *See*, *e.g.*, Levy Guaranty, §§ 1-4, 7.

### C. The Security Agreement And Collateral

29. As part of the Loan and Security Documents, the Borrower Defendants entered into a Security Agreement granting Plaintiff a first priority and continuing security interest in virtually all tangible and intangible property defined in 14 subparagraphs, subject to narrowly limited "Excluded Property" (the "Collateral"). Security Agreement § 2.1 (and § 1.1 regarding defined terms).

30. On June 30, 2014, Plaintiff perfected its security interest in the Collateral by filing financing statements with the Secretaries of State of Texas, Delaware and Nevada.

31. The Security Agreement, among other remedies, expressly permits Plaintiff, upon an Event of Default by the Borrower Defendants, to undertake, among other expressly described remedies, any and all of the following (without limitation of other remedies that Plaintiff may have under the UCC):

    (a)    Take possession of all or any part of the Collateral not already in its possession, with or without judicial process;

    (b)    Direct the Guarantor Defendants to assemble all or any part of the Collateral at a place Plaintiff may direct;

    (c)    Enter onto property to take possession of all or any part of the Collateral, without demand or legal process; and

      (d)    Lease, license, sell, or otherwise dispose of any or all of the Collateral.

Section 6.1 of the Security Agreement specifically defines Plaintiff's rights and remedies, and conditions for exercising such rights and remedies, as may be applicable.

### D. The Borrower Defendants' Defaulted.

32. Under Section 23 of the Loan Agreement, the Borrower Defendants have engaged in Events of Default, specifically:

      (a)    The loans and advances to the Borrower Defendants under the line of credit exceeded the borrowing base;

      (b)    The Borrower Defendants did not promptly deposit funds received into the Blocked Account and have further failed to do so despite repeated demands by Plaintiff;

      (c)    The Defendants have utilized and converted Plaintiff's collateral to fund the operations of the Borrower Defendants;

      (d)    The Borrower Defendants have failed to implement a metal commodity hedging program acceptable to Plaintiff; and

      (e)    The Borrower Defendants have failed to timely deliver financial reports requested by Plaintiff.

The foregoing are referred to herein as the "Specified Defaults."

33. By letter dated November 18, 2014, and pursuant to Section 23 of the Loan Agreement, Plaintiff provided written notice of the Specified Defaults to the Borrower Defendants. Plaintiff provided a copy of this letter to counsel for the Borrower Defendants.

34. By letter dated December 3, 2014, Plaintiff provided written notice of an additional Event of Default, namely that the Guarantor Defendants had entered into a share purchase agreement which will result in a change in control in violation of Loan Agreement Section

19(b)(xiv) (and now included in "Specified Defaults").  Plaintiffs provided a copy of this letter to counsel for the Borrower Defendants.

35. All Obligations under the Loan Agreement are due and payable upon demand of the Plaintiff.

36. By the December 3, 2014 letter, Plaintiff declared all outstanding indebtedness accelerated and due and payable; and Plaintiff demanded payment by December 10, 2014 at 5 p.m.

37. Under Section 23 of the Loan Agreement, the Borrower Defendants were, and are, obligated to pay all amounts owing and due, but they failed to do so.

38. The Specified Defaults are continuing and have not been cured or waived.

39. Under the Loan and Security Documents, as of December 2, 2014, the Borrower Defendants owe at least the following amounts to Plaintiff:

    (a) Loan balances:  $28,516,591.25;

    (b) Interest:  $49,220.42;

    (c) Monthly fees:  $645.00;

    (d) Facility Fee:  $509,850.00;

    (e) Amendment Fee: $900,000.00; and

    (f) Prepayment Fee: $679,800.00.

These amounts, which total to $30,656,106.67, do not include additional amounts that are owed, including but not limited to Plaintiff's legal fees, costs, and expenses for which the Obligor Defendants agreed to indemnify Plaintiff.  Further, interest continues to accrue.

### COUNT I – THE BORROWER DEFENDANTS' BREACH OF THE LOAN AGREEMENT AND NOTES

40. Plaintiff incorporates Paragraphs 1 through 39 of the Complaint.

41. As alleged above, the Borrower Defendants are in default under the terms of the Loan Agreement and the Notes, each of which are valid and binding contracts.  The Borrower Defendants have materially breached the obligations under the Loan Agreement and the Notes through each of the Specified Defaults.

42. The Obligations under the Loan and Security Documents are payable upon demand of Plaintiff.

43. The Borrower Defendants have failed and refused to pay the amounts due under the Loan Agreement and Notes.

44. Pursuant to the provisions in the Loan and Security Documents, and by reason of the defaults thereunder, Plaintiff has elected and declared in writing (as alleged above), and hereby further confirms that it has elected and declared, that the entire full principal and interest on the Notes, and all other obligations under the Loan and Security Documents, are immediately due and payable in full.

## COUNT II – BREACH OF SECURITY AGREEMENT

45. Plaintiff incorporates Paragraphs 1 through 44 of the Complaint.

46. The Security Agreement is a valid and binding contract that grants Plaintiff a security interest in the Collateral.

47. Plaintiff's security interest in the Collateral is perfected.

48. The Collateral secures all obligations under the Loan Agreement and Notes.

49. The Borrower Defendants are currently in default of their obligations to Plaintiff under the Loan and Security Documents.  Further, Lender has demanded payment under the Loan and Security Documents.  Therefore, the entire amount owed under the Loan Agreement and Notes is immediately due and payable as set forth above.

50. Section 6.1 of the Security Agreement provides that Plaintiff is entitled, *inter alia*, to take possession, and to dispose, of the Collateral.

51. By retaining possession of Collateral, and by wrongfully diverting and misappropriating funds that should have been deposited into the Blocked Account, the Borrower Defendants unlawfully have taken and or detained the Collateral in material breach of the Security Agreement.

### COUNT III – FORECLOSURE OF UCC SECURITY INTERESTS

52. Plaintiff incorporates paragraphs 1 through 51 of the Complaint.

53. The Borrower Defendants continue in default under the Loan and Security Documents, including but not limited to, the Specified Defaults set forth above.

54. Plaintiff has demanded payment of all Obligations pursuant to the Loan and Security Documents.

55. Pursuant to Texas Business and Commerce Code § 9.601(a), Plaintiff has the right to foreclose upon the Collateral by reason of the Specified Defaults and demand as described above.

### COUNT IV – THE GUARANTOR DEFENDANTS' BREACH OF THE GUARANTIES

56. Plaintiff incorporates Paragraphs 1 through 55 of the Complaint.

57. The Jaross Guaranty and the Levy Guaranty are valid and binding contracts.

58. As set forth above, the Jaross Guarantor Defendants are personally liable for payment of the Borrower Defendants' indebtedness under the Loan Agreement and Notes, collectively, up to an aggregate of $2 million, plus all fees, charges and costs incurred by Plaintiff in collecting such guaranteed amount.

59. As set forth above, the Levy Guarantor Defendants are personally liable for payment of the Borrower Defendants' indebtedness under the Loan Agreement and Notes, collectively, up

to an aggregate of $600,000, plus all fees, charges and costs incurred by Plaintiff in collecting such guaranteed amount.

60. The Guarantor Defendants have failed and refused to pay the amounts due and owing under their respective Guaranty, thus materially breaching the Guaranties.

### COUNT V – CONVERSION
### (The Borrower Defendants, Richard Jaross, Andrew Levy, Alberto Garcia, and John Kristopher Wood)

61. Plaintiff incorporates Paragraphs 1 through 60 of the Complaint.

62. The Borrower Defendants, Richard Jaross, Andrew Levy, Alberto Garcia, and John Kristopher Wood have sold Collateral, and rather than depositing the proceeds in the Blocked Account as required by Sections 15(a)(iii) and 16 of the Loan Agreement, have instead utilized the cash for working capital for the borrowers.

63. The proceeds of the sale of Collateral are identifiable as specific chattel.

64. By operation of the Loan Agreement, Plaintiff owned, and had the right of immediate possession of the Collateral and the proceeds from any sale of the Collateral.

65. The above-named defendants wrongfully and unlawfully have exercised dominion or control over the Collateral, and cash proceeds from sales of it, to the exclusion of, and inconsistent with, the Plaintiff's rights.

66. Plaintiff has demanded return of the Collateral and the cash proceeds from sales of it.

67. The above-named defendants have failed to return the cash proceeds from the sale of Collateral.

### COUNT VI – THEFT OF PROPERTY
### (The Borrower Defendants, Richard Jaross, Andrew Levy, Alberto Garcia, and John Kristopher Wood)

68. Plaintiff incorporates Paragraphs 1 through 67 of the Complaint.

69. The Borrower Defendants, Richard Jaross, Andrew Levy, Alberto Garcia, and John Kristopher Wood have wrongfully and unlawfully appropriated and stolen property belonging to Plaintiff with the intent to deprive Plaintiff of such property in violation of Section 31.03 of the Texas Penal Code.

70. The above-named defendants are liable under the Theft Liability Act, Section 134.001 *et. seq.* of the Texas Civil Practices & Remedies Code.  Further, the above-named defendants acted with malice, therefore entitling Plaintiff to exemplary damages under Texas Civil Practices & Remedies Code § 41.003.

## DAMAGES

71. Plaintiff incorporates Paragraphs 1 through 70 of the Complaint.

72. Defendants' conduct alleged above has resulted in actual damages and harm in an amount in excess of the jurisdictional limits of this Court.

## PRAYER FOR RELIEF

Based on the foregoing, Plaintiff requests this Court to enter judgment against Defendants for all actual damages, including but not limited to all amounts owed under the Loan and Security Documents, exemplary damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, statutory penalties, court costs, and all other monetary relief to which Plaintiff is justly entitled.  Plaintiff further requests all further legal and equitable relief to which it may show itself entitled, including but not limited to exercising any and all rights as to the Collateral, injunctive relief under Federal Rule of Civil Procedure 65, appointment of a receiver under Federal Rule of Civil Procedure 66, and such other and further relief as this Court deems just, equitable, necessary, or appropriate.

                Respectfully submitted,

                BRACEWELL & GIULIANI LLP

                By:   /s/ *Bradley J. Benoit*
                      Bradley J. Benoit
                      State Bar No. 24012275
                      Southern District of Texas Bar No. 24495
                      Attorney-In-Charge

                711 Louisiana Street, Suite 2300
                Houston, Texas 77002
                Telephone:  (713) 223-2300
                Facsimile:  (713) 221-1212
                brad.benoit@bgllp.com

OF COUNSEL:

BRACEWELL & GIULIANI LLP

Ralph D. McBride
State Bar No. 13332400
Bryan S. Dumesnil
State Bar No. 00793650
Jonathon K. Hance
State Bar No. 24065364
711 Louisiana Street, Suite 2300
Houston, Texas 77002
Telephone:  (713) 223-2300
Facsimile:  (713) 221-1212
ralph.mcbride@bgllp.com
bryan.dumesnil@bgllp.com
jonathon.hance@bgllp.com

DICKINSON WRIGHT PLLC

Thomas G. McNeill
500 Woodward Avenue, Suite 4000
Detroit, Michigan, 48226
(313) 223-3632
tmcneill@dickinsonwright.com

COUNSEL FOR PLAINTIFF
CALLIDUS CAPITAL CORPORATION

#4776962.3