IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **CALLIDUS CAPITAL CORPORATION** | § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 1:14-cv-00270 |
| **ESCO MARINE, INC., ESCO METALS, LLC, ESCO SHREDDING, LLC, TEXAS BEST RECYCLING, LLC, TEXAS BEST EQUIPMENT, LLC, RICHARD JAROSS, EMJ HOLDINGS, LLC, ELKA JAROSS, ANDREW LEVY, REDSTONE CAPITAL CORP., ALBERTO GARCIA, and JOHN KRISTOPHER WOOD** | § § § § § § § § § § § § | |
| Defendants, | § | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Come Now Defendants in the above-entitled and numbered cause and file this Answer to Plaintiff's Complaint and would respectfully show as follows:

### THE PARTIES

1. The allegations in paragraph 1 are neither admitted nor denied for lack of sufficient information on which to form a belief as to the truth thereof.

2. The allegations in paragraph 2 are not contested.

3. The allegations in paragraph 3 are not contested.

4. The allegations in paragraph 4 are not contested.

5. The allegations in paragraph 5 are not contested.

6. The allegations in paragraph 6 are not contested.

7. The allegations in paragraph 7 are not contested.

8. The allegations in paragraph 8 are not contested.

9. The allegations in paragraph 9 are not contested.

10. The allegations in paragraph 10 are not contested.

11. The allegations in paragraph 11 are not contested.

12. The allegations in paragraph 12 are not contested.

13. The allegations in paragraph 13 are not contested.

14. The allegations in paragraph 14 are not contested.

15. The allegations in paragraph 15 are not contested.

16. John Kristopher Wood denies that he is Esco Marine's chief operating officer as alleged in paragraph 16. Otherwise, the allegations in this paragraph are not contested.

## JURISDICTION AND VENUE

17. The allegations in paragraph 17 are not contested.

18. The allegations in paragraph 18 are not contested.

## FACTUAL BACKGROUND

**A. The Loan Agreement**

19. The allegations in paragraph 19 are not contested.

20. The allegations in paragraph 20 are not contested. However, by acknowledging the effective date, maximum amount of the loan, and documents that make up the series of loan documents, Defendants do not admit to their validity or enforceability and do not

intend to waive defenses to the loan documents or any argument that any or all such documents, or any part thereof, are void or unenforceable.

21. Defendants admit that Texas law governs with respect to those contracts and the construction thereof.  To the extent that this statement references what is stated in the Loan and Security Documents, those documents speak for themselves, and no response is required.

22. To the extent that this statement references what is stated in the Loan and Security Documents, those documents speak for themselves, and no response is required.  However, Defendants do not concede that they waived right to trial by jury.

23. Defendants do not contest that venue is proper.  To the extent that this statement references what is stated in the Loan and Security Documents, those documents speak for themselves, and no response is required.

24. Without conceding validity or enforceability of such documents, this statement references what is stated in the Loan and Security Documents, those documents speak for themselves, and no response is required.

25. Defendants deny that Plaintiff funded Facility Loans A through F as required by the Loan Agreement.  To the extent that this statement references what is stated in the Loan and Security Documents, those documents speak for themselves, and no response is required.

26. Defendants deny that each Facility Loan A through F was funded as required by the loan agreement.  To the extent that this statement references what is stated in the Loan and Security Documents or the Notes, those documents speak for themselves, and no response is required.

B. **The Guarantees**

27. Without conceding validity or enforceability of such documents, this statement references what is stated in the Loan and Security Documents, those documents speak for themselves, and no response is required.

28. Without conceding validity or enforceability of such documents, this statement references what is stated in the Loan and Security Documents, those documents speak for themselves, and no response is required.

C. **The Security Agreement and Collateral**

29. Without conceding validity or enforceability of such documents, this statement references what is stated in the Loan and Security Documents, those documents speak for themselves, and no response is required.

30. The allegations in paragraph 30 are not contested.

31. Without conceding validity or enforceability of such documents, this statement references what is stated in the Loan and Security Documents, those documents speak for themselves, and no response is required.

D. **The Borrower Defendants' Defaulted**

32. Defendant denies the validity or enforceability of such documents; however, this statement references what is stated in the Loan and Security Documents, those documents speak for themselves, and no response is required. Otherwise with respect to each of the "Specified Defaults," Defendant denies liability for any alleged defaults of these Loan

and Security documents that were procured by fraud and duress and are unconscionable and manifestly unfair, rendering them invalid, voidable, or unenforceable as written.

33. Without conceding validity or enforceability of the Loan Agreement, to the extent this statement references what is stated in the referenced letter or the Loan Agreement, the documents speaks for themselves and no response is required.  Otherwise, Defendants admit receipt of the referenced letter dated November 18, 2014.

34. Without conceding validity or enforceability of the Loan Agreement, to the extent this statement references what is stated in the referenced letter or the Loan Agreement, the documents speaks for themselves and no response is required.  Otherwise, Defendants admit receipt of the referenced letter dated December 3, 2014.

35. Without conceding validity or enforceability of such documents, this statement references what is stated in the Loan and Security Documents, those documents speak for themselves, and no response is required.

36. Without conceding validity or enforceability of the Loan Agreement, to the extent this statement references what is stated in a letter referenced letter, the documents speaks for themselves and no response is required.  Otherwise, Defendants admit receipt of the referenced letter dated December 3, 2014.

37. Without conceding validity or enforceability of such documents, this statement references what is stated in the Loan and Security Documents, those documents speak for themselves, and no response is required.  Defendant admits that it has not repaid the full amount that Plaintiff loaned them.

38.  Defendants deny liability for any alleged defaults of these Loan and Security documents that were procured by fraud and duress and are unconscionable and manifestly unfair,

rendering them invalid, voidable, or unenforceable as written. Without conceding validity or enforceability of such documents, or liability for any defaults thereunder, as of the date of this Answer, Defendant has deposited all funds required into the Blocked Account and Plaintiff has all of the financial reports that it has requested to date.

39. Defendants deny Plaintiff's calculation of amount outstanding.

### COUNT I – THE BORROWER DEFENDANTS' ALLEGED BREACH OF THE LOAN AGREEMENT AND NOTES

40. Defendants incorporate by reference their answers to paragraphs 1-39.

41. Defendants deny that they are in default. Defendants further deny that these are valid and binding contracts. Defendants further deny material breach of the Loan Agreement and the Notes, the validity or enforceability of which is not conceded.

42. Without conceding validity or enforceability of such documents, this statement references what is stated in the Loan and Security Documents, those documents speak for themselves, and no response is required.

43. Without conceding validity or enforceability of such documents, this statement references what is stated in the Loan Agreement and Notes, those documents speak for themselves, and no response is required. Defendants further contest Plaintiff's calculation of what is due under the Loan Agreement and Notes.

44. Without conceding validity or enforceability of such documents, to the extent that this statement references what is stated in the Loan and Security Documents, those documents speak for themselves, and no response is required. Defendants acknowledge that Plaintiff has sent letter(s) demanding payment under such documents. Defendants deny the amount due and owing as claimed by Plaintiff. Further, Defendant denies liability for any

alleged defaults of these Loan and Security documents that were procured by fraud and duress and are unconscionable and manifestly unfair, rendering them invalid, voidable, or unenforceable as written.

## COUNT II – ALLEGED BREACH OF SECURITY AGREEMENT

45. Defendants incorporate by reference their answers to paragraphs 1-44.

46. Deny.

47. The allegations in paragraph 47 are not contested.

48. Without conceding validity or enforceability of the Loan Agreement and Notes, the allegations in paragraph 48 are not contested.

49. Without conceding validity or enforceability of such documents, to the extent that this statement references what is stated in the Loan and Security Documents, those documents speak for themselves, and no response is required.  Defendants acknowledge that Plaintiff has sent letter(s) demanding payment under such documents. Defendants deny the amount due and owing as claimed by Plaintiff. Further, Defendant denies liability for any alleged defaults of these Loan and Security documents that were procured by fraud and duress and are unconscionable and manifestly unfair, rendering them invalid, voidable, or unenforceable as written.

50. Without conceding validity or enforceability of such document, this statement references what is stated in the Security Agreement, that document speaks for itself, and no response is required.

51. Defendant denies engaging in any unlawful action.  Defendant denies liability for any alleged defaults of these Loan and Security documents that were procured by fraud and

duress and are unconscionable and manifestly unfair, rendering them invalid, voidable, or unenforceable as written.

### COUNT III – FORECLOSURE OF UCC SECURITY INTERESTS

52. Defendants incorporate by reference their answers to paragraphs 1-51.

53. Defendants deny liability for any alleged defaults of these Loan and Security documents that were procured by fraud and duress and are unconscionable and manifestly unfair, rendering them invalid, voidable, or unenforceable as written.  Without conceding validity or enforceability of such documents, or liability for any defaults thereunder, as of the date of this Answer, Defendant has deposited all funds required into the Blocked Account and Plaintiff has all of the financial reports that it has requested to date.

54. Without conceding validity or enforceability of the Loan and Security Documents, Defendants acknowledge that Plaintiff has sent letter(s) demanding payment

55. This is a statement of law that Defendants need not affirm nor deny.

### COUNT IV – THE GUARANTOR DEFENDANTS' ALLEGED BREACH OF THE GUARANTIES

56. Defendants incorporate by reference their answers to paragraphs 1-55.

57. Deny.

58. Without conceding validity or enforceability of such documents, this statement references what is stated in the Jaross Guaranty and Levy Guaranty, those documents speak for themselves, and no response is required.

59. Without conceding validity or enforceability of such documents, this statement references what is stated in the Loan and Security Documents, those documents speak for themselves, and no response is required.

60. Without conceding validity or enforceability of such documents, Defendants deny breach of these Guaranties.

## COUNT V – CONVERSION

61. Defendants incorporate by reference their answers to paragraphs 1-60.

62. Defendants other than the borrowing defendants deny the allegations in paragraph 62. Defendants deny liability for any alleged defaults of these Loan and Security documents, which were procured by fraud and duress and are unconscionable and manifestly unfair, rendering them invalid, voidable, or unenforceable as written. Without conceding validity or enforceability of such documents, or liability for any defaults thereunder, as of the date of this Answer, Defendant has deposited all funds required into the Blocked Account.

63. Without conceding validity or enforceability of such documents, this statement references what is stated in the Loan and Security Documents, those documents speak for themselves, and no response is required. Otherwise this statement appears to be a statement of law that Defendants need not affirm nor deny.

64. Without conceding validity or enforceability of such document, this statement references what is stated in the Loan Agreement, that document speaks for itself, and no response is required.

65. Deny.

66. Without conceding validity or enforceability of the Loan and Security Documents, the Borrower Defendants acknowledge that Plaintiff has sent letter(s) demanding payment.

67. Deny.

## COUNT VI – THEFT OF PROPERTY

68. Defendants incorporate by reference their answers to paragraphs 1-67.

69. Deny.

70. Deny.

## DAMAGES

71. Defendants incorporate by reference their answers to paragraphs 1-70.

72. Deny that Plaintiff suffered actual damage and harm.

## DEFENDANTS' AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred in whole or in part by reason of Plaintiff's first material breach of the Loan and Security Documents referred to in Plaintiff's Complaint.

2. Plaintiff's claims are barred in whole or in part by reason of Plaintiff's fraud, specifically fraud in the inducement.

3. Plaintiff's claims are barred in whole or in part by reason of lack or failure of consideration.

4. Plaintiff's claims are barred in whole or in part by duress, specifically economic duress.

5. Plaintiff's claims are barred in whole or in part by waiver and/or estoppel.

6. Plaintiff's claims are barred in whole or in part by the usury statutes governing the relationships between the parties.

7. Plaintiff's claims are barred in whole or in part by mistake, unconscionability, impossibility, impracticability, and/or frustration of purpose.

8. Plaintiff's claims against the individual defendants fail to state a claim on which relief can be granted.  Specifically, there is no allegation that either Kris Wood or Albert Garcia are parties to any contract involved herein or liable under any guaranty.  Moreover, there is no contention that any of the individual defendants acted in their individual capacities in the assertions of conversion or theft against them, thereby, the allegations fail to state a claim against the individual defendants and should be dismissed.

Respectfully submitted,

By: *E. Michael Rodriguez electronic signature*
Eduardo Roberto Rodriguez
State Bar No. 00000080
Federal ID No. 1944
errodriguez@atlashall.com
E. Michael Rodriguez
State Bar No. 00791553
Federal ID No. 18759
mrodriguez@atlashall.com
Erin A. Hudson
State Bar No. 24059978
Federal ID No. 1101277
ehudson@atlashall.com
**ATLAS, HALL & RODRIGUEZ, LLP**
50 W. Morrison Road, Suite A
Brownsville, Texas 78520
Telephone:  (956) 574-9333
Facsimile:   (956) 574-9337
**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record as set forth below, in compliance with the Texas Rules of Civil Procedure on this 23rd day of January, 2015.

Bradley J. Benoit
Brad.benoit@bgllp.com
Ralph D. McBride
Ralph.mcbride@bgllp.com
Bryan S. Dumensnil
Bryan.dumesnil@bgllp.com
Jonathon K. Hance
Jonathon.hance@bgllp.com
**BRACEWELL & GIULIANI, LLP**
711 Louisiana Street, Suite 2300
Houston, Texas 77002
Telephone:  713-223-2300
Facsimile:  713-221-1212
*Via fax (713) 221-1212 & Email*

*E. Michael Rodriguez electronic signature*
E. Michael Rodriguez