United States District Court
Southern District of Texas
**ENTERED**
December 28, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CALLIDUS CAPITAL CORPORATION | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 1:14-cv-00270 |
| RICHARD JAROSS, | § | |
| EMJ HOLDINGS, LLC, | § | |
| ELKA JAROSS, ANDREW LEVY, | § | |
| REDSTONE CAPITAL CORP., | § | |
| and ALBERTO GARCIA, | § § | |
| Defendants. | § | |

## AGREED PROTECTIVE ORDER

Based upon the stipulation of the parties, the Court, recognizing that Plaintiff Callidus Capital Corporation's ("Plaintiff") business records, including but not limited to its internal communications and related financial information which may be produced in this proceeding, may contain proprietary, confidential, or trade secret information, enters this Agreed Protective Order (the "Protective Order"). The Protective Order is binding on all persons and entities described in the Protective Order, including but not limited to Defendants Richard Jaross, EMJ Holdings, LLC, Elka Jaross, Andrew Levy, Redstone Capital Corp., and Alberto Garcia (collectively, "Defendants") and Atlas, Hall & Rodriguez, LLP ("Defendants' Counsel").

1. "Discovery Material" means all documents and information, including witness testimony, produced by Plaintiff on or after November 7, 2016 in the above-captioned action (the "Litigation"), and all copies of the same.

2. Discovery Material shall be used by Defendants and Defendants' Counsel solely in connection with this Litigation, or any appeal therein, and shall not be used for any other purpose whatsoever.

3. Discovery Material, and the substance thereof, shall not be disclosed in any manner outside of this Litigation without the written consent of Plaintiff or court order.

4. Plaintiff may designate as either "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" any Discovery Material which Plaintiff produces and: (a) reasonably and in good faith believes constitutes non-public, proprietary information used in its business; (b) the information in the Discovery Material is not generally known; (c) reasonable measures have been taken in the ordinary course of business to protect such Discovery Material from disclosure to third-parties who are not bound legally to protect the confidentiality of such Discovery Material; and (d) which normally would not be disclosed to third parties unless they were legally obligated to maintain in confidence the proprietary information contained in such Discovery Material.

5. The designation of Discovery Material as "CONFIDENTIAL" or CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall be made by: (a) stamping the designation on each page of such Discovery Material or, if produced in electronic form or by storage media, by designating an entire batch; or (b) in the case of a deposition, so designating any portion or portions of the deposition, including exhibits, either at the deposition or within seven (7) days after receipt of a copy of the transcript of such deposition.

6. "CONFIDENTIAL" Discovery Material, and the substance thereof, may be disclosed or made available by Defendants and Defendants' Counsel only to the following persons: (a) Defendants; (b) Defendants' Counsel and their staff; (c) any experts (consulting or testifying) actually retained by Defendants' Counsel in connection with the Litigation; (d) witnesses at a deposition or trial; (e) the Court and its staff; (f) court reporters who record relevant testimony.

7. Persons described in Paragraph 6(a) and 6(c) shall only be provided "CONFIDENTIAL" Discovery Material after reviewing a copy of this Protective Order and signing their name and the date to the last page of the Protective Order, thereby agreeing both to comply with the Protective Order and to submit to the personal jurisdiction of this Court for enforcement thereof. Signatures shall be retained by Defendants' counsel.

8. "CONFIDENTIAL-ATTORNEYS' EYES ONLY" Discovery Material, and the substance thereof, shall not be disclosed to Defendants, and may be disclosed by Defendants' Counsel only to the following persons: (a) Defendants' Counsel and their staff; (c) any experts (consulting or testifying) actually retained by Defendants' counsel in connection with the Litigation; (d) witnesses at a deposition or trial; (e) the Court and its staff; (f) court reporters who record relevant testimony.

9. Persons described in Paragraph 8(c) shall only be provided "CONFIDENTIAL-ATTORNEYS' EYES ONLY" Discovery Material after reviewing a copy of this Protective Order and signing their name and the date to the last page of the Protective Order(and providing a copy thereof to Plaintiff), thereby agreeing both to comply with the Protective Order and to submit to the personal jurisdiction of this Court for enforcement thereof.

10. In the event that Defendants determine to file with the Court any Discovery Material designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY", such papers shall be filed under seal. All such materials so filed shall be unsealed only upon further order of the Court, with reasonable prior notice to Plaintiff and an opportunity to object.

11. If Defendants disagree with Plaintiff's designation of Discovery Material as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY", they may provide Plaintiff written notice of the disagreement and specifically identify the information in dispute.

If the dispute cannot be resolved informally, they may file a motion for relief. Pending the Court's ruling, Defendants and Defendants' Counsel shall continue to treat the Discovery Material in the manner required by this Protective Order.

12. Plaintiff's inadvertent production of any information protected by the attorney-client and/or work-product privilege shall not be deemed a waiver or impairment of any claim of privilege. Upon receiving written notice from Plaintiff that privileged information has been inadvertently produced, all such information, and all copies thereof, shall be returned to the Plaintiff reasonably promptly upon receipt of such notice. Any analysis, memoranda or notes which were internally generated based upon such information shall be destroyed. Pursuant to FRE 502(d), the Court orders that disclosure of attorney-client and/or work product privileged information by Plaintiff shall not constitute a waiver of attorney-client and/or work product privilege in connection with any other federal or state proceeding, whether or not the foregoing steps are taken by Plaintiff or Defendants.

13. Any and all originals and copies of Discovery Material designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall, at Plaintiff's request, be returned within one month after a final judgment (not subject to further appeal) herein or settlement of the Litigation, or destroyed in that timeframe. Defendants' Counsel shall certify to Plaintiff in writing that all such documents have been returned or destroyed, as the case may be.

14. Nothing in this Protective Order, nor Plaintiff's designation of any Discovery Material as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" is intended to constitute an agreement or determination as to relevance or admissibility into evidence of the information so designated.

15. Nothing in this Protective Order is intended to constitute an agreement or determination regarding the proper scope of discovery, or to bar any party from seeking further protection from this Court as may be appropriate as to any specific discovery request(s).

16. This Protective Order shall not bar Defendants' Counsel from rendering advice to his or her clients with respect to this Litigation and conveying to his or her clients (and potential consulting or testifying experts) an evaluation in a general way of "CONFIDENTIAL" and "CONFIDENTIAL-ATTORNEY EYES' ONLY" Discovery Material, provided that, in rendering such advice and otherwise communicating with his or her client (and potential consulting or testifying experts), Defendants' Counsel shall not disclose the specific contents of "CONFIDENTIAL-ATTORNEY EYES' ONLY" Discovery Material.

17. Nothing in this Protective Order is intended to bar or prevent Defendants or Defendants' Counsel from complying with any court order related to Discovery Materials, whether marked "CONFIDENTIAL," "CONFIDENTIAL-ATTORNEYS' EYES ONLY," or without such designation. However, in the event such an order is sought by any person or entity, Defendants' or Defendants' Counsel shall provide prompt notice of the same to Plaintiff's counsel so that Plaintiff has an opportunity to object.

18. The obligations set forth in this Protective Order shall continue in effect after the termination of the Litigation, and this Court shall retain jurisdiction to enforce this Protective Order and/or remedy any violation of this Protective Order.

APPROVED AND AGREED:

/s/ Doron Yitzchaki w/permission
Shelby A. Jordan
Texas Bar No. 11016700
Federal Admissions No. 2195
ATTORNEY IN CHARGE FOR PLAINTIFF
500 North Shoreline Blvd., Suite 900
Corpus Christi, TX 78401-0341
Telephone:   (361) 884-5678
Facsimile:    (361) 888-5555
sjordan@jhwclaw.com

OF COUNSEL:
Nathaniel Peter Holzer
Texas Bar No. 00793971
Federal Admissions No. 21503
*Jordan, Hyden, Womble, Culbreth & Holzer, P.C.*
500 North Shoreline Blvd., Suite 900
Corpus Christi, TX 78401-0341
Telephone:   (361) 884-5678
Facsimile:    (361) 888-5555
pholzer@jhwclaw.com
and
DICKINSON WRIGHT PLLC
Michael C. Hammer (Michigan Bar. No. P41705)
(admitted pro hac vice)
Doron Yitzchaki (Michigan Bar. No. P72044)
(admitted pro hac vice)
350 S. Main Street, Suite 300
Ann Arbor, Michigan 48104
mhammer@dickinsonwright.com
dyitzchaki@dickinsonwright.com
ATTORNEYS FOR PLAINTIFF

By:   /s/ E. Michael Rodriguez
E. Michael Rodriguez
ATTORNEY IN CHARGE FOR DEFENDANTS
State Bar No. 00791553 Federal ID No. 18759
mrodriguez@atlashall.com
Eduardo Roberto Rodriguez
State Bar No. 00000080 Federal ID No. 1944
errodriguez@atlashall.com
Sarah A. Nicolas
State Bar No. 24013543 Federal ID No. 32122
ehudson@atlashall.com
ATLAS, HALL & RODRIGUEZ, LLP
50 W. Morrison Road, Suite A
Brownsville, Texas 78520
Telephone: (956) 574-9333
Facsimile: (956) 574-9337
ATTORNEYS FOR DEFENDANTS

## ORDER

The Court hereby enters this Agreed Protective Order giving the obligations contained herein the full weight and authority of the Court.

SIGNED: December 28, 2016

JUDGE PRESIDING